# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CV452-MU-1

|                        |   |          |
|------------------------|---|----------|
| MICHAEL R. McKEE,      | ) |          |
|                        | ) |          |
|        Plaintiff,      | ) |          |
|   Vs.                  | ) | **ORDER** |
|                        | ) |          |
| EDDIE CATHEY,          | ) |          |
|                        | ) |          |
|        Defendant.      | ) |          |

**THIS MATTER** comes before the Court for initial review upon Plaintiff's Complaint pursuant to 42 U.S.C. § 1983 and Plaintiff's Motion for Appointment of Counsel, both filed October 17, 2005.

Plaintiff has filed a Complaint against Eddie Cathey, the sheriff of Union County. In his Complaint, Plaintiff alleges that in September 2003, a scheduled operation on his feet was cancelled at the last minute. Plaintiff further alleges that while he was being transported back to the jail, a guard informed him that he would be taken to Raleigh Central Prison for his operation. Plaintiff alleges that he was placed back in a cell and the guard informed him that he gave Plaintiff's pain pills to the nurse's station. Plaintiff states that he remained in severe pain until Sunday morning when a guard checked on him. When Plaintiff informed the guard that he had not received any pain medication the guard obtained a pain pill for him. Plaintiff then alleges that he was transported to Central Prison the next morning. At Central Prison, Plaintiff alleges that Dr. Bush informed him that he needed to be operated on as soon as possible. Plaintiff alleges that when Dr. Bush discovered he was not an inmate of the North Carolina Department of Corrections he

suddenly changed his mind and stated that Plaintiff did not need the surgery and that instead they should wait and see how Plaintiff's would heal up.   Plaintiff alleges that he spent nine of the next twenty-one months in a wheelchair and six of those months in a cast.

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior.  See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977).  Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs.  See Fisher v. Washington Metropolitan Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982).  Plaintiff does not allege any personal conduct by Defendant Cathey with regard to the incidents that form the basis of his Complaint.  In fact, Plaintiff does not connect Defendant Cathey in any way to the incidents that form the basis of his Complaint.  Consequently, Plaintiff fails to state a claim against Defendant Cathey.

In addition, upon reviewing the facts alleged to have occurred in this district, this Court finds they would not support a finding of a constitutional violation.  Indeed, the crucial facts which form the basis of Plaintiff's deliberate indifference to a serious medical condition claim appear to have occurred in another district.

Finally, Plaintiff requests that the Court appoint him counsel to assist him with prosecuting his case.  Plaintiff's case is dismissed and therefore his request is denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint is **DISMISSED without prejudice** and;

2. Plaintiff's Motion for Appointment of Counsel is **DENIED**.

**Signed: November 15, 2005**

*Graham C. Mullen*
Graham C. Mullen
Chief United States District Judge